IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JERICHO BAPTIST CHURCH MINISTRIES, INC.** | * <br> * <br> * |
| Plaintiff/ <br> Counter-Defendant | * <br> * <br> * |
| v. | * <br> * |
| **JOEL R. PEEBLES, SR et. al.** | *     Civil No. **PJM 13-2586** <br> * |
| Defendants/ <br> Counter-Plaintiffs/ <br> Third-Party Plaintiffs | * <br> * <br> * <br> * |
| v. | * <br> * |
| **GLORIA McCLAM-MAGRUDER et al.** <br> Third-Party Defendants | * <br> * |

## **MEMORANDUM OPINION**

Third-Party Defendant Prince George's County removed this case from the Circuit Court for Prince George's County to this Court on September 5, 2013. On September 17, 2013, the Court issued an Order directing the parties to show cause as to why the case should not be remanded to state court based on possibly improper removal. The parties have filed their responses. For the reasons that follow, the Court **REMANDS** the case in its entirety to the Circuit Court for Prince George's County.

**I.**

The lawsuit arises from an apparently longstanding dispute concerning the control and governance of Jericho Baptist Church Ministries ("the Church") located in Landover, Prince George's County, Maryland. On October 18, 2010, the Board of Trustees of the Church ("the Board") filed a Complaint in Prince George's County Circuit Court against Joel R. Peebles, Sr.

1

and William Meadows, formerly associated with the Church, alleging that Peebles and Meadows were not trustees of the Church, but that they had nonetheless engaged in conduct seeking to establish their control of the Church. [Dkt. 2, 12] Peebles and Meadows responded with Counterclaims against both the Church and individual Board members, alleging that it was the members who were not in fact lawful members, and that they, not Peebles and Meadows, had unlawfully seized control of the Church. [Dkt. 15]

On October 24, 2011, the Circuit Court for Prince George's County granted summary judgment in favor of the Church, decreeing that the existing Board members were indeed the lawful Board of the Church, and permanently enjoining Peebles and Meadows from interfering with Church operations. [Dkt. 84] The Maryland Court of Special Appeals, however, reversed that decision and remanded the case to the Circuit Court, finding that a genuine dispute of material fact existed as to whether Peebles was a member of the Board. The appeals court's mandate issued on October 19, 2012. [Dkt. 114]

On March 26, 2013, on remand, Peebles and other members of the Church amended their Answer, by adding a Third-Party Complaint against the State of Maryland and Sherriff High, in which they alleged a variety of state law claims as well as a single federal claim pursuant to 42 U.S.C. § 1983. [Dkt. 124] Then, on June 21, 2013, Peebles et. al. added Prince George's County and Sheriff's Deputies Michael Sims and Kelvin Massie as Defendants with respect to the state law and § 1983 claims. [Dkt. 136] Peebles, in essence, claimed that on April 18, 2012, after he was given a letter stating that the Board had terminated his employment effective immediately, the Sheriff's Deputies unceremoniously escorted him off the Church premises, and, further, that on three other occasions during 2012, Peebles and others with him were, at the

2

direction of the Board, ordered to leave the Church grounds, all of which, he claims, violated his right to freely worship.

On July 10, 2013, still in State court, the State of Maryland and Sheriff High filed a Motion to Dismiss or, in the Alternative, Motion to Bifurcate. [Dkt. 137] On September 5, 2013, however, before the Circuit Court could rule on that Motion, Prince George's County removed the case to this Court.[1] [Dkt. 1]

The purpose of this Court's sua sponte Order to Show Cause of September 17, 2013 was to have the parties address the issue of whether the case should be remanded to state circuit court, given that Prince George's County was a Third-Party Defendant seeking removal, and further because, at the time of removal, not all Third-Party Defendants had consented to removal. [Dkt. 153] On September 20, 2013, Prince George's County filed an amended Removal Statement, which stated that the State of Maryland and Sheriff High had not joined in the notice of removal "because they are immune from suit" [Dkt. 157] and that the other Third-Party Defendants purportedly "did not join because there are no federal claims filed against them." *Id*. Then, on October 2, 2013, somewhat belatedly, the State of Maryland and Sheriff High filed a "Consent to Removal". [Dkt. 159] In their responses to the Show Cause Order, Prince George's County, Massie and Sims urge the Court to sever the claims against them and permit them to be tried in federal court, whereas Peebles et al. urge that *all* claims, counterclaims, and third party-claims in this three-years-old case be allowed to proceed in this Court.

## II.

The right to remove a case from state to federal court derives from 28 U.S.C. § 1441(c), which provides:

---

[1] The Removal Statement appears to have a typo wherein it claims the removal is "pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under 42 U.S.C. § 1983". Presumably Prince George's County meant to say "pursuant to 28 U.S.C. § 1441(c)."

3

> (1) If a civil action includes —
>
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

In light of federalism concerns, the removal statute is strictly construed. *Mulcahey v. Columbia Organic Chem. Co., Inc.,* 29 F.3d 148, 151 (4th Cir.1994) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09 (1941)). "If federal jurisdiction is doubtful, a remand [to state court] is necessary." *Id*. "The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 21 U.S.C. § 1447(c). "[B]ecause the lack of subject matter jurisdiction may be noticed by the district court *sua sponte* or by any party, the court may enter a remand order *sua sponte*." *Ellenburg v. Spartan Motors Chassis, Inc*., 519 F.3d 192, 196 (4th Cir. 2008). However, "a district court is prohibited from remanding a case *sua sponte* based on a procedural defect absent a motion to do so from a party." *Id*. at 198. "[A]n irregularity in removal of a case to federal court is to be considered 'jurisdictional' only if the case could not initially have been

4

filed in federal court." *Korea Exch. Bank, New York Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995).

This much is clear:

The original parties to this action are not diverse and the Church's claims against Peebles contain no federal question, such that there would have been no basis for Peebles himself to remove the case to federal court and the Court would lack subject matter jurisdiction. For both removal and federal jurisdiction, absent diversity of citizenship, the federal question must appear on the face of the plaintiff's complaint; federal defenses cannot form the basis of removal. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). *See also Ritter v. Ritter*, 396 F. App'x 30, 33 (4th Cir. 2010) (district court properly issued remand order sua sponte where it lacked subject matter jurisdiction). This is the long recognized well-pleaded complaint rule.

The core question here is whether Prince George's County, a Third-Party Defendant, i.e. one sued by the original defendant, may remove the claim against it to federal court based on the presence of a federal claim against it in the Third Party Complaint. The majority view is that third-party defendants may not remove. *In re Mortgage Electronic Systems, Inc.*, 680 F.3d 849, 853 (6th Cir. 2012); *Westwood Apex v. Contreras*, 644 F.3d 799, 805-806 (9th Cir. 2011); *Thomas v. Shelton*, 740 F.2d 478, 488 (7th Cir. 1984). This is because § 1441 says only "defendants" may remove, and the removal statute must be strictly construed. *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461-462 (6th Cir. 2001). But even the minority courts that take the position that third-party defendants may remove have held that the "third-party must establish that the third-party claim is sufficiently separate and independent from the main claim." *Soper v. Kahn*, 568 F. Supp. 398, 403 (D. Md. 1983).

In the present case, the Court holds that the parties may not skirt the "well-pleaded complaint rule" in the manner proposed. A federally-based counterclaim by an original defendant is not eligible to serve as the basis for removal on federal question grounds. *See UTrue, Inc. v. Page One Sci., Inc.*, 457 F. Supp. 2d 688, 690 (E.D. Va. 2006) ("Moreover, were the well-pleaded complaint rule not to apply on removal, and were counterclaims permitted to become a basis for jurisdiction on removal, the result would be an unwarranted and nearly limitless expansion of removal jurisdiction."). The same is true with respect to third-party defendants, as the majority of courts has held. *See FirstBank Puerto Rico v. Gittens*, 466 F. Supp. 2d 614 (D. VI. 2006) (removal of action predicated on federal claim in third-party complaint was improper and deprived the court of jurisdiction).

The separate and independent test, recognized by some courts as the basis for removal by a third party defendant, is of no avail to the parties here.

The Supreme Court has set a high bar for the separate and independent test, viz., "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14 (1951). Moreover, "[t]he *Finn* test has been interpreted in a strict manner such that a majority of claims fail to satisfy the separate and independent requirement." *Soper*, 568 F. Supp. at 403.

Even if the minority rule of removal applied, Prince George's County has not met its burden of proving that the claims against it constitute a "separate and independent" action. The Court finds that the § 1983 claims against Third-Party Defendants, all of which, it may be noted, are properly triable in state court, *see Haywood v. Drown*, 556 U.S. 729 (2009), are inextricably linked to the ongoing feud between Peebles and the Board over the control and governance of the

Church. Thus, Peebles et. al. allege in support of their § 1983 claims that they are "rightfully members of the Board of Trustees" and "rightfully members of the Church". These allegations go to the heart of the underlying action such that "resolution of the third-party claim is intertwined with resolution of the original claim." *Sanford v, Premier Millwork & Lumber Co., Inc.*, 235 F. Supp. 2d 569, 572 (E.D. Va. 2002).

## IV.

For the foregoing reasons, it is **ORDERED** that the case be **REMANDED** in its entirety to the Circuit Court for Prince George's County.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**October 30, 2013**　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**